# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3563

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Shawn Sherman, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 1, 2003
Filed: May 16, 2003

_____

Before LOKEN, Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Shawn Sherman appeals from the final judgment entered in the District Court[1] after a jury found him guilty of possessing with intent to distribute over five grams of a mixture or substance containing cocaine base. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred in failing to instruct the jury that it must find that

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Sherman intended to distribute at least five grams of cocaine base as required by Apprendi v. New Jersey, 530 U.S. 466 (2000). We reject this argument and affirm.

The indictment charged a specific drug quantity, and the jury found Sherman guilty pursuant to instructions that referenced that quantity. As such, we find no abuse of discretion. See United States v. Beckman, 222 F.3d 512, 520–21 (8th Cir. 2000) (using abuse-of-discretion standard of review to determine "whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury," and finding no abuse of discretion where district court's instructions accurately and thoroughly provided elements and definition of crimes charged) (internal citations omitted). Even if the drug quantity had not been established in the jury instructions, Sherman's ninety-month sentence is not subject to an Apprendi challenge because it does not exceed the twenty-year statutory maximum under 21 U.S.C. § 841(b)(1)(C) (2000) that is applicable to drug-trafficking offenses without regard to drug quantity. See United States v. Aguayo-Delgado, 220 F.3d 926, 932 (8th Cir.), cert. denied, 531 U.S. 1026 (2000). Sherman also cannot rely on Apprendi to challenge the five-year statutory minimum under 21 U.S.C. § 841(b)(1)(B). See Harris v. United States, 536 U.S. 545, 557 (2002) (explaining that Apprendi does not prohibit judges from deciding facts that increase mandatory minimum sentence).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), including the sufficiency of the evidence, we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-